**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Civil Action Number:**

JESUS GONZALEZ

    Plaintiff,

vs.

GRAZIANO'S GOURMET IN THE GABLES, LLC
d/b/a Graziano's Market in the Gables

    Defendant.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Graziano's Gourmet in the Gables, LLC d/b/a Graziano's Market in the Gables ("Defendant") for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

**JURISDICTION**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendant is authorized to conduct, and is conducting, business within the State of Florida and within the jurisdiction of this court.

1

**PARTIES**

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D). Plaintiff is a "tester" of public accommodations compliance with the ADA/ADAAG.

5. Defendant Graziano's Gourmet in the Gables, LLC is a Florida limited liability company which is leasing a portion of the 60 Merrick Way commercial building (which encompasses the entire block, and is also referenced as Folio 03-4108-090-0001) and which portion is identified as 2301 Galiano Street, Coral Gables, Florida 33134.

**FACTS**

6. The portion of the 60 Merrick Way commercial building leased by Defendant is built out as the "Graziano's Market in the Gables" full-service restaurant. At all times material hereto, Defendant has operated its Graziano's Market in the Gables restaurant within that leased space.

7. Defendant's Graziano's Market in the Gables restaurant is open to the general public and therefore is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B) as "[A] restaurant, bar, or other establishment serving food or drink." The restaurant which is the subject to this action is also referred to as "restaurant," "Graziano's Market in the Gables, or "place of public accommodation."

8. As the owner/operator of a restaurant open to the public, Defendant is defined as a "Public Accommodation" within meaning of Title III because it is a private

entity which owns and operates establishments serving food and drinks; 42 U.S.C. §12182, §12181(7)(B); 28 C.F.R. §36.104(2).

9. Due to the close proximity of Defendant's restaurant in the Gables to Plaintiff's home, on January 13, 2022 Plaintiff went to that restaurant with the intent of dining therein.

10. While patronizing the restaurant, Plaintiff met with non-compliant outdoor seating and when he had occasion to visit the restroom, he had difficulty in utilizing the restroom due to the fact that he perambulates with the assistance of a wheelchair. Due to the non-compliant and inaccessible facilities, Plaintiff has been denied full and equal access.

11. Based on the access impediments delineated herein, Plaintiff has been denied full and equal access by Defendant.

12. While Plaintiff purchased a meal at Defendant's restaurant, he left feeling excluded, humiliated and dejected.

13. As a result of discrimination by Defendant, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

14. On information and belief, as the owner/operator of the Graziano's Market in the Gables, Defendant is aware of the need to provide equal access to individuals with disabilities. Therefore, Defendant's failure to reasonably accommodate individuals with disabilities at its restaurant is/was willful, malicious, and oppressive and in compete disregard for the civil rights of Plaintiff and in violation of 28 C.F.R. §36.302.

15. Plaintiff is and has been a customer of restaurants in the Coral Gables area since he lives in the vicinity and continues to desire to return to Defendant's Graziano's Market in the Gables restaurant, but Plaintiff continues to be injured in that he is concerned

that he will again be humiliated, segregated, and discriminated against due to the barriers to access which are in violation of the ADA.

16. Any and all requisite notice has been provided.

17. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendant pursuant to 42 U.S.C. §12205.

### COUNT I – VIOLATIONS OF TITLE III OF THE ADA

18. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over thirty years have passed since enactment of the ADA and there is no excuse for public accommodations and places of public accommodation to have failed to comply with the legislation.

19. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

20. Prior to the filing of this lawsuit, Plaintiff patronized Graziano's Market in the Gables, however Plaintiff was denied adequate accommodation because (as a disabled individual who utilizes a wheelchair for mobility) when he patronized the restaurant, he encountered barriers to access. Therefore, Plaintiff has suffered an injury in fact.

21. Defendant has discriminated, and continues to discriminate, against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at its Graziano's Market in the Gables, in derogation of 42 U.S.C. §12101 *et seq.*, and as prohibited by 42 U.S.C. §12182 *et seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

22. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at Graziano's Market in the Gables.

23. Defendant is governed by the ADA and must be in compliance therewith. Defendant has discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

24. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

25. Defendant's Graziano's Market in the Gables restaurant is in violation of 42 U.S.C. §12181 *et seq.,* the ADA and 28 C.F.R. §36.302 *et seq.,* and Defendant has discriminated against the Plaintiff as a result of *inter alia*, the following specific violations:

i. The restaurant outdoor dining area did not provide for designated handicapped seating accessible by wheelchair, in violation of 28 C.F.R. Part 36, Section 4.32.4, Section 5.4 and 2020 ADA Standards for Accessible Design Section 902 (provision

of accessible toe and knee clearance) and 903 which requires that all dining areas, including outdoor seating areas be accessible in clear floor/ground space, size and height, and Section 226 which states that, where dining surfaces are provided for the consumption of food or drink, at least five percent (5%) of the seating spaces and standing spaces at the dining surfaces comply with Section 902.

As to the left-side public restroom:

ii. Plaintiff could not enter the left-side public restroom without assistance, as the required maneuvering clearance to enter the restroom is not provided due to the placement of restaurant furniture which encroaches over the maneuvering clearance on the pull side of the door. This is a violation of Section 4.13.6 of the ADAAG which states that the minimum maneuvering clearances for doors be within specifications shown in Fig. 25 and that the ground floor within the required clearance be level and clear. The clear maneuvering clearance for a front approach must be 48 min (and for side approach, 54 by 42 min), which not attained in the instant case. This is also a violation of Section 404.2.4 of the 2010 ADA Standards for Accessible Design which states that minimum maneuvering clearances at doors (and gates) shall comply with (the table at) 404.2.4. In this instance, the encroaching restaurant furniture is in violation of the minimum required maneuvering clearance for entry to the left-side restroom.

iii. Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar is not in the required location from the rear wall. This is a violation of Section 4.16.4 and Figure 29 of the ADAAG and Section 604.5.1 of the 2010 ADA Standards for Accessible Design which states that the side wall grab bar shall be 42 inches (1065

6

mm) long minimum and located 12 inches (305 mm) maximum from the rear wall and extending 54 inches (1370 mm) minimum from the rear wall.

iv. Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar does not have the required clearance as the toilet tissue dispenser is mounted under the side wall grab bar which infringes on the required space. This is a violation of Section 4.26 of the ADAAG and Section 609.3 of the 2010 ADA Standards for Accessible Design which states that the space between the grab bar and projecting objects below and at the ends shall be 1½ inches (38 mm) minimum, and the space between the grab bar and projecting objects above shall be 12 inches (305 mm) minimum. Section 4.26.2 Fig.39 (e) demarks the clear space under the grab bar shall be 1½ in (38 mm).  In this instant case, the space between the wall and grab bar is not as required by section 4.26.2

v. Plaintiff could not use the toilet without assistance, as the toilet is mounted at a non-compliant distance from the sidewall. This is a violation of Sections 4.16.2 of the ADAAG and Sections 604.2 of the 2010 ADA Standards for Accessible Design. According to Section 4.16.2 at Fig 28, the toilet should be mounted 18 min (455 mm) from the side wall to the center line of toilet. The side wall mount shall be either mounted 18 min (455 mm) from the side wall to the center line of toilet or min (1065 cm) from the side wall to the center of the toilet.

vi. Plaintiff could not transfer to the toilet without assistance, as the rear wall grab bar is not the required length. The rear wall grab bar is 30" long, which violates Section 4.16.4 and Figure 29 of the ADAAG which states that the grab bar behind the water closet shall be 36 in (915 mm) minimum in length.  This also violates Section

        604.5.2 of the 2010 ADA Standards for Accessible Design which states that the rear wall grab bar shall be 36 inches (915 mm) long and extend from the centerline of the water closet 12 inches (305 mm) on one side and 24 inches (610 mm) on the other side.

vii. Plaintiff was exposed to a cutting/burning hazard at the lavatory sink because that sink does not have fully wrapped bottom sink pipes due to lack of proper maintenance such that there is no proper insulation protecting users of that sink against the plumbing pipes under the sink. This is a violation of Section 4.19.4 of the ADAAG which states that hot water and drain pipes under lavatories shall be insulated or otherwise configured to protect against contact. This is also a violation of Section 606.5 of the 2010 ADA Standards for Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

viii. Plaintiff could not use the paper towel dispenser without assistance, as it is not mounted at the required location. This is a violation of Section 4.2.5 of the ADAAG which states that the maximum high forward reach allowed shall be 48 in (1220 mm) (see Fig. 5(a)), and the minimum low forward reach is 15 in (380 mm), and Section 308.2.1 of the 2010 ADA Standards for Accessible Design which states that, where a forward reach is unobstructed, the high forward reach shall be 48 inches (1220 mm) maximum and the low forward reach shall be 15 inches (380 mm) minimum above the finish floor or ground.

ix. Plaintiff could not use the soap dispenser without assistance, as the lavatory soap dispenser is at an inaccessible height, in violation of 28 C.F.R. Part 36. The soap dispenser is not mounted in accordance with the forward reach guidelines delineated

at Section 4.2.5 (Fig 5) of the ADAAG. This is also a violation of the 2010 ADA Standards for Accessible Design, specifically Section 606.1 which states that when soap and towel dispensers are provided, they must be within the reach ranges specified in Section 308.2.1. This section states that, where a forward reach is unobstructed, the high forward reach shall be 48 inches (1220 mm) maximum and the low forward reach shall be 15 inches (380 mm) minimum above the finished floor or ground.

x. Plaintiff could not use the lavatory mirror, as the lavatory mirror is mounted too high, which is in violation of Section 213.3.5 of 28 C.F.R. Part 36, Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards for Accessible Design which states that mirrors located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 40 inches (1015 mm) maximum above the finished floor or ground and mirrors not located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 35 inches (890 mm) maximum above the finished floor or ground.

<u>As to the right-side public restroom:</u>

xi. Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar is not in the required distance from the rear wall. This is a violation of Section 4.16.4 and Figure 29 of the ADAAG and Section 604.5.1 of the 2010 ADA Standards for Accessible Design which states that the side wall grab bar shall be 42 inches (1065 mm) long minimum and located 12 inches (305 mm) maximum from the rear wall and extending 54 inches (1370 mm) minimum from the rear wall.

9

xii. Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar is not the required length. This is a violation of ADAAG Section 4.16.4 Figure 29, which depicts side wall grab bars being 42 in long and extending 54 inches from the rear wall. This is also a violation of Section 604.5.1 of the 2010 ADA Standards for Accessible Design which states that side wall grab bars must be 42 inches long (1065 mm) and located 12 inches (305 mm) from the rear wall and extending 54 inches from the rear wall (Fig 604.5.1).

xiii. Plaintiff could not transfer to the toilet without assistance, as the rear wall grab bar is not the required length. The rear wall grab bar is 30" long, which violates Section 4.16.4 and Figure 29 of the ADAAG which states that the grab bar behind the water closet shall be 36 in (915 mm) minimum in length.  This also violates Section 604.5.2 of the 2010 ADA Standards for Accessible Design which states that the rear wall grab bar shall be 36 inches (915 mm) long minimum and extend from the centerline of the water closet 12 inches (305 mm) minimum on one side and 24 inches (610 mm) minimum on the other side.

xiv. Plaintiff was exposed to a cutting/burning hazard at the lavatory sink because that sink does not have fully wrapped bottom sink pipes due to lack of proper maintenance such that there is no proper insulation protecting users of that sink against the plumbing pipes under the sink. This is a violation of Section 4.19.4 of the ADAAG which states that hot water and drain pipes under lavatories shall be insulated or otherwise configured to protect against contact. This is also a violation of Section 606.5 of the 2010 ADA Standards for Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

xv. Plaintiff could not use the paper towel dispenser without assistance, as it is not mounted at the required location. As the paper towel dispenser is not mounted at the required location, this is a violation of Section 4.2.5 of the ADAAG which states that the maximum high forward reach allowed shall be 48 in (1220 mm) (see Fig. 5(a)), and the minimum low forward reach is 15 in (380 mm), and Section 308.2.1 of the 2010 ADA Standards for Accessible Design which states that, where a forward reach is unobstructed, the high forward reach shall be 48 inches (1220 mm) maximum and the low forward reach shall be 15 inches (380 mm) minimum above the finish floor or ground.

xvi. Plaintiff could not use the soap dispenser without assistance, as the lavatory soap dispenser is at an inaccessible height, in violation of 28 C.F.R. Part 36. The soap dispenser is not mounted in accordance with the forward reach guidelines delineated at Section 4.2.5 (Fig 5) of the ADAAG. This is also a violation of the 2010 ADA Standards for Accessible Design, specifically Section 606.1 which states that when soap and towel dispensers are provided, they must be within the reach ranges specified in Section 308.2.1. This section states that, where a forward reach is unobstructed, the high forward reach shall be 48 inches (1220 mm) maximum and the low forward reach shall be 15 inches (380 mm) minimum above the finished floor or ground.

xvii. Plaintiff could not use the coat hook without assistance, as it is not mounted at the required location. This is a violation of Section 4.2.5 of the ADAAG which states that the (unobstructed) maximum high forward reach allowed shall be 48 in (1220 mm) (as depicted at Fig. 5 (a)), and the minimum low forward reach shall be 15 in

11

(380 mm). This is also a violation of Section 308.2.1 of the 2010 ADA Standards for Accessible Design, which states that, where a forward reach is unobstructed, the high forward reach shall be 48 inches (1220 mm) maximum and the low forward reach shall be 15 inches (380 mm) minimum above the finish floor or ground.

26. Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, Defendant is required to make its Graziano's Market in the Gables restaurant accessible to persons with disabilities since January 28, 1992. Defendant has failed to comply with this mandate.

27. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order for Defendant to alter its Graziano's Market in the Gables restaurant such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against Defendant Graziano's Gourmet in the Gables, LLC and requests the following relief:

a) The Court declare that Defendant has violated the ADA;

b) The Court enter an Order directing Defendant to evaluate and neutralize its policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendant to alter its Graziano's Market in the Gables restaurant such that all areas are accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated this 24th day of February, 2022.

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone:  305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*